UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jaime Beck, Byron Hanson, and Lynn Melcher, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>William F. Austin, Brandon Sawalich, Jerome Ruzicka, Scott A. Nelson, Lawrence W. Miller, W. Jeffrey Taylor, Jeffrey Longtain, and Starkey Laboratories, Inc.,<br><br>    Defendants | Civil Action No. 19-CV-01453 (PJS/ECW) |

**AFFIDAVIT OF KATE M. BAXTER-KAUF IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT**

Kate M. Baxter-Kauf, first being duly sworn, states under oath as follows:

1. I am a partner at the law firm of Lockridge Grindal Nauen P.L.L.P, and I am one of the attorneys representing Plaintiffs Jamie Beck, Byron Hanson, and Lynn Melcher in this matter. I make this Affidavit in support of Plaintiff's Application for Entry of Default.

2. Plaintiffs filed their Class Action Complaint on June 3, 2019 (ECF No. 1), and their Amended Class Action Complaint on July 30, 2019 (ECF No. 9).

3. On August 29, 2019, Plaintiffs served its Amended Summons and Amended Class Action Complaint[1] on Defendant William Jeffrey Taylor by personal service by the

---

[1] And many other documents listed in ECF No. 34.

556374.1

Deputy Sherriff of the St. Louis County Courthouse to Mr. Taylor, who was then housed at the Federal Prison Camp in Duluth. *See* ECF No. 34.

4. On September 23, 2019, Plaintiffs filed a stipulation with the Court that extended the deadline Mr. Taylor to answer or otherwise respond to the Amended Complaint until fourteen (14) days after a ruling on any motion to dismiss or other Rule 12 motion filed by Defendants Starkey Laboratories, Inc., William F. Austin, or Brandon Sawalich. *See* ECF No. 44. That stipulation was signed by Mr. Taylor personally after I communicated with Mr. Taylor through counsel who had appeared for him in the criminal matter captioned 0:16-cr-00246-JRT-SER. The counsel with whom I spoke did not enter an appearance in the instant litigation and informed me he was not representing Mr. Taylor in this matter.

5. On September 24, 2019, the stipulation described in Paragraph 4 above was granted via Court Order. *See* ECF No. 46.

6. On October 1, 2019, Plaintiffs served the all of the pleadings in the action on Mr. Taylor via first class mail, postage paid, consistent with Fed. R. Civ. P. 5(a) and 5(b)(2)(C). *See* ECF No. 47.

7. Mr. Taylor was served with additional documents related to the motion to dismiss and later filed in the case. *See* ECF Nos. 54, 55.

8. On August 4, 2020, the Court entered an Order granting in part and denying in part Plaintiffs Motion to Dismiss. *See* ECF No. 60.

9. On August 14, 2020, Plaintiffs served (a) the Order at ECF No. 60; (b) the Court's August 10, 2020 Order Setting Pretrial Conference (ECF No. 61); and (c)

Plaintiffs' August 12, 2020 Letter providing Notice of the August 27, 2020 Pretrial Conference to Defendant Taylor by courier service. *See* ECF No. 62.

10. Pursuant to Federal Rule of Civil Procedure 12, Defendant Taylor's response to Plaintiffs' Amended Class Action Complaint was due on or before August 18, 2020.[2] As of the date of this request, Defendant Taylor has not filed an answer or otherwise responded to Plaintiffs' Complaint, nor has he sought an extension of time to answer or respond.

11. On August 19, 2020, Plaintiffs served (a) the Order at ECF No. 73; and (b) Plaintiffs' August 19, 2020 Letter providing Notice of the September 16, 2020 Pretrial Conference to Defendant Taylor by courier service. *See* ECF No. 80.

12. I also sent copies of the documents described in Paragraphs 9-10 above informally via email to Mr. Taylor's previous counsel but never received a response of any kind.

13. To date, Defendant Taylor has failed to serve an Answer or responsive pleading upon Plaintiff or to otherwise indicate his intent to defend the claims asserted herein.

14. Plaintiffs have no information suggesting that Taylor has retained counsel in connection with this action, and have received affirmative representations that his counsel in previous criminal prosecution is not representing him in this matter.

15. Plaintiffs have no information suggesting Mr. Taylor is either a minor or an

---

[2] Plaintiffs agreed to a stipulation extending the response deadline for other Defendants to September 1, 2020. *See* ECF Nos. 63, 65, 67, and 69.

556374.1

incompetent person, nor any information suggesting he is in or eligible for active service, *see* 50 U.S.C. § 521 (Servicemembers' Civil Relief Act). From Plaintiffs' understanding of Mr. Taylor's previous incarceration, he was released on October 16, 2020, and is currently 60 years old.

16. Rule 55(a) of the Federal Rules of Civil Procedure provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *see also United States v. Henchen,* No. 07-4083, 2008 WL 2954759, at *2 (D. Minn. June 6, 2008) (same).

17. Because Defendant Taylor has failed to answer or otherwise defend against the Complaint within the time permitted by Federal Rule of Civil Procedure 12, entry of default pursuant to Rule 55(a) is appropriate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 4th of March in St. Paul, Minnesota.

*[signature]*

Kate M. Baxter-Kauf