UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jaime Beck, Byron Hanson, and Lynn Melcher, individually and on behalf of all others similarly situated, | Civil Action No. 19-CV-01453 (PJS/ECW) |
| Plaintiffs, | |
| v. | |
| William F. Austin, Brandon Sawalich, Jerome Ruzicka, Scott A. Nelson, Lawrence W. Miller, W. Jeffrey Taylor, Jeffrey Longtain, and Starkey Laboratories, Inc., | |
| Defendants. | |

**ORDER GRANTING PLAINTIFFS' AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE PLAN**

This matter is before the Court on Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement and Notice Plan ("Motion"). Based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

**Preliminary Approval of Settlement Agreement and Certification of Settlement Class**

1.  This Court has jurisdiction over this action and each of the parties to the Settlement Agreements.[1]  Upon review of the record, the Court finds that the proposed

---

[1] Unless otherwise noted, all capitalized terms shall have the same meaning as in the Settlement Agreements (also referred to herein collectively as "Settlement"), which were attached as Exhibits A (the Starkey Settlement) and C (the Taylor Settlement) to the Declaration of Kate M. Baxter-Kauf [ECF Nos. 129-1 and 129-3].

Settlement Agreements, which were arrived at by arm's length negotiations by highly experienced counsel, fall within the range of possible approval and are hereby preliminarily approved, subject to further consideration at the Court's Final Approval Hearing. The Court finds that the Settlement Agreements are preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class, raise no obvious reasons to doubt their fairness, and raise a reasonable basis for presuming that the Settlement Agreements and their terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement should be given to the Settlement Class.

2.  This Court certifies a Settlement Class defined as: All persons who are or were participants in, or beneficiaries of, the Starkey Laboratories, Inc. Employee Stock Ownership Plan at any point during the class period. The class begins on January 1, 2006 and continues through December 31, 2017. Excluded from the class are the Court, Defendants, and the Releasees, as defined in Paragraph 17 of the Starkey Settlement and Paragraph 13 of the Taylor Settlement.

3.  The Court appoints the law firm of Lockridge Grindal Nauen P.L.L.P. as Class Counsel for the Settlement Class.

## Approval of the Notice Plan

4.  The Court hereby directs notice to be distributed to the Settlement Class members pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(2).

5.  The proposed notice plan, which calls for individual notice via mail and email to all members who can be identified through reasonable effort, as set forth in the

Motion and the supporting declaration, complies with Rule 23(c)(2)(B) and due process, because it constitutes the best notice that is practicable under the circumstances.

6. Specifically, Class Counsel will cause to be transmitted by the Notice Deadline a Notice to Settlement Class Members in the form outlined in Exhibits D and E and attached to the Declaration of Kate M. Baxter-Kauf that includes: Notice of the Settlement; a description of the material terms of the Settlement; a date by which Settlement Class Members may object to or exclude themselves from the Settlement; the date upon which the Final Approval Hearing will occur; and contact information at which Settlement Class Members may access this Settlement, other related documents and information, or request additional information, including a website address. The Court finds that this Notice Plan and the manner of its transmission comply with Rule 23(c)(2)(B) and due process because the notices and forms are reasonably calculated to adequately apprise Settlement Class of (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a Settlement Class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members of the class under Rule 23(c)(3). The Court specifically approves the form of the Notice outlined in Exhibits D and E to the Baxter-Kauf Declaration [ECF Nos. 129-4 and 129-5]. Non-substantive changes, such as typographical errors, maybe made to the notice documents by agreement of the parties without leave of the Court.

7.  So that the proposed Notice Plan may be carried out, Defendant Starkey Laboratories, Inc., is directed to provide current address and e-mail information to Class Counsel consistent with the schedule below.

### Schedule for Class Notice and the Fairness Hearing

8.  The Court hereby sets the below schedule for the dissemination of notice to potential members of the Settlement Class, for members of the Settlement Class to object to or exclude themselves from the Settlement Agreements, and for the Court's Final Approval Hearing, at which time the Court will determine whether the Settlement Agreements should be finally approved as fair, reasonable, and adequate.  This Court may order the Fairness Hearing to be postponed, adjourned, or continued.  If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting the Parties will not be required to provide any additional notice to Settlement Class members.  Pursuant to any applicable orders relating the COVID-19 emergency or otherwise, the Final Approval Hearing may take place remotely, including via telephone or video conference.

| DATE | EVENT |
|---|---|
| March 22, 2021 (Starkey) June 10, 2021 (Taylor) (10 days of the filing of the motion for preliminary approval) | Settling Defendants to serve or cause to be served to appropriate Federal and State officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 required notice and/or materials. |
| July 6, 2021 (21 days after entry of the preliminary approval order) | Notice Deadline: Class Counsel to provide direct mail and email notice, and implement Notice Plan ordered by the Court |

| DATE | EVENT |
|---|---|
| September 7, 2021 (60 days after the Notice Deadline) | Opt-Out and Objection Deadline |
| September 14, 2021 (7 days after the Opt-Out Deadline) | Class Counsel to provide Settling Defendants and Horizon Bank of list of all persons who have timely and adequately requested exclusion from the Settlement Class and all Objections received on the Objection Deadline |
| September 20, 2021 (30 days before Final Approval Hearing) | Class Counsel to file a motion for final approval of the Settlement and a motion for attorneys' fees, costs, and expenses, and for Service Awards |
| October 1, 2021 (at least 17 days before Final Approval Hearing) | Deadline for Objectors, if any, to file response to Class Counsel's motions for final approval of the Settlement, for attorneys' fees, costs, and expenses, and for Service Awards |
| October 8, 2021 (at least 10 days before Final Approval Hearing) | Deadline for Class Counsel to file response to any filings by objectors, and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, costs, and expenses, and for any Service Awards |
| October 20, 2021, at 8:30 a.m. in Courtroom 14E (at least 90 days after mailing of CAFA Notice and 118 days after entry of the preliminary approval order) | Final Approval Hearing |

**IT IS SO ORDERED.**

DATED:  June 15, 2021

_____
HON. PATRICK J. SCHILTZ