UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jaime Beck, Byron Hanson, and Lynn Melcher, individually and on behalf of all others similarly situated, | Civil Action No. 19-CV-01453 (PJS/ECW) |
| Plaintiffs, | |
| v. | |
| William F. Austin, Brandon Sawalich, Jerome Ruzicka, Scott A. Nelson, Lawrence W. Miller, W. Jeffrey Taylor, Jeffrey Longtain, and Starkey Laboratories, Inc., | |
| Defendants | |

---

### ORDER GRANTING PLAINTIFFS' MOTION
### FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
### AND ENTRY OF FINAL JUDGMENT

---

This Court has held a hearing on Plaintiffs' Motion for Final Approval of Class Action Settlement and Entry of Final Judgment on October 20, 2021. Plaintiffs Jaime Beck, Byron Hanson, and Lynn Melcher (the "Settlement Class Representatives") on behalf of themselves and Settlement Class[1] they represent entered into a Settlement

---

[1] The term "Class" or "Settlement Class" is consistent with the definition of the term in the Court's Preliminary Approval Order: "All persons who are or were participants in, or beneficiaries of, the Starkey Laboratories, Inc. Employee Stock Ownership Plan at any point during the class period. The class begins on January 1, 2006 and continues through December 31, 2017. Excluded from the class are the Court, Defendants, and the releasees, as defined in Paragraph 17 of the Starkey Settlement and Paragraph 13 of the Taylor Settlement." *See* Preliminary Approval Order, June 15, 2021, ECF No. 132 (hereinafter referred to as "Preliminary Approval Order") at 2.

Agreements[2] with Defendants William F. Austin, Brandon Sawalich, Jerome Ruzicka, Scott A. Nelson, Lawrence W. Miller, and Jeffrey Longtain, and Defendant W. Jeffrey Taylor ("Defendants"). On June 15, 2021, this Court entered an Order granting preliminary approval of the proposed Settlement (ECF No. 132). The Court, having reviewed the Motion, its accompanying memorandum and exhibits thereto, the Settlement Agreements, and all papers filed hereby finds that the motion should be **GRANTED** as to the Settlement, as well as the amount to be paid to Settlement Class Counsel as fees and litigation costs for prosecuting the Litigation and a service payment to be paid to the Settlement Class Representatives.

Among other things, the Preliminary Approval Order authorized Plaintiffs to disseminate notice of the Settlement, the fairness hearing, and related matters to the Class. Notice was provided to the Class pursuant to the Preliminary Approval Order and, as the Class was notified, the Court held a fairness hearing on October 20, 2021.

**IT IS HEREBY ORDERED THAT:**

1.   The Court adopts and incorporates herein all findings made under Rule 23 in its Preliminary Approval Order.

2.   This Court has jurisdiction over this action and each of the parties to the Settlement. Upon review of the record, the Court finds that the proposed Settlement, which was arrived at by arm's length negotiations by highly experienced counsel, is hereby

---

[2] Unless otherwise noted, all capitalized terms shall have the same meaning as in the Settlement Agreements (also referred to herein collectively as "Settlement"), which were attached as Exhibits A (the Starkey Settlement) and C (the Taylor Settlement) to the Preliminary Approval Declaration of Kate M. Baxter-Kauf [ECF Nos. 129-1 and 129-3].

**APPROVED**. The Court finds that the Settlement is determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class.

3. In reaching this conclusion, the Court considered the merits of the plaintiff's case, weighed against the terms of the settlement, the defendants' financial condition, the complexity, expense and likely duration of the litigation, the Class's reaction to the Settlement, and the result achieved. Based on all of these conclusions, the Court determines that the Settlement is fair, reasonable and adequate.

4. The Settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations, which were undertaken in good faith by counsel with significant experience litigating class actions.

5. This Court certifies a Settlement Class defined as: All persons who are or were participants in, or beneficiaries of, the Starkey Laboratories, Inc. Employee Stock Ownership Plan at any point during the class period. The class begins on January 1, 2006 and continues through December 31, 2017. Excluded from the class are the Court, Defendants, and the Releasees, as defined in Paragraph 17 of the Starkey Settlement and Paragraph 13 of the Taylor Settlement.

6. The Court finds that the Settlement Class Representatives are similarly situated to absent Class Members and are typical of the Class and are adequate Settlement Class Representatives, and that Class Counsel and the Settlement Class Representatives

have fairly and adequately represented the Settlement Class. The Court grants final approval to its appointment of Class Counel and Settlement Class Representatives.

7. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the law firm of Lockridge Grindal Nauen P.L.L.P. as Class Counsel for the Settlement Class, as they have and will fairly and competently represent the interests of the Settlement Class, and appoints Jaime Beck, Byron Hanson, and Lynn Melcher as Settlement Class Representatives.

8. The Court further finds that the prerequisites to a class action under Rule 23 are satisfied solely for settlement purposes in that: (a) there are at least hundreds of geographically dispersed class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the class that predominate over individual issues; (c) the claims or defenses of the plaintiffs are typical of the claims or defenses of the Settlement Class; (d) the plaintiffs will fairly and adequately protect the interests of the Settlement Class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the Settlement Class; (e) common issues of law and fact predominate; and (f) a class action is superior to individual actions.

9. The notice given to the Settlement Class, including individual notice to all members of the Settlement Class who could be identified through reasonable effort, was the most effective and practicable under the circumstances. This notice provided due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process. The Court finds that the Notice Plan was adequate and

reasonable, and that through the Notice Plan, the Class Members have been apprised of the nature and pendency of the Case, the terms of the Settlement, and their rights to request exclusion, object, and/or appear at the final approval hearing.

10. No members of the Settlement Class have objected to the Settlement.

11. Any member of the Settlement Class who has not timely and validly requested to be excluded from the Settlement Class is now subject to and bound by the provisions of the Settlement Agreements, the Released Claims contained therein, and this Order with respect to all Released Claims, regardless of whether such members of the Class seek or obtain any distribution from the Settlement Fund.

12. Defendants have served upon the appropriate state officials and the appropriate federal official notice and have complied with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").

13. The Court hereby dismisses the Litigation and the Complaint with prejudice, without fees or costs to any Party except as provided in this Final Judgment.

14. Nothing contained herein shall be construed as an admission of any wrongdoing or liability by any party, such wrongdoing and liability being expressly denied by all Settling Defendants.

15. Pursuant to the All Writs Act, 28 U.S.C. §1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

16. Without affecting the finality of this Final Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and

implementation of the Settlement Agreements for all purposes, including enforcement of any of its terms at the request of any party and resolution of any disputes that may arise relating in any way to, or arising from, the implementation of the Settlement Agreements or the implementation of this Final Judgment.

17. The Court has reviewed Class Counsel's request for attorney's fees and costs pursuant to rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, and finds the motion for attorney's fees and costs and for payment of service awards to the Settlement Class Representatives to be fair and reasonable.

18. The Court **GRANTS** Plaintiffs' motion for attorneys' fees and costs to Class Counsel in the amount of $46,250. The awarded fees and expenses shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement.

19. The Court **GRANTS** Plaintiffs' motion for a $4,000 service award for each of Settlement Class Representatives Jaime Beck, Byron Hanson, and Lynn Melcher. The service awards shall be paid in accordance with the terms of the Settlement Agreement.

20. The Action is **DISMISSED with prejudice**, without fees or costs to any Party except as provided in this Final Judgement.

21. This Final Judgment shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

22. Pursuant to Federal Rule of Civil Procedure 54(b), the Court determines that there is no just reason for delay and expressly **DIRECTS** that this Final Judgment be, and hereby is, entered as a final and appealable order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: October 20, 2021        _____
                              Hon. Patrick J. Schiltz
                              United States District Court Judge